

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-78,112-02 and WR-78,112-03

### EX PARTE HECTOR TORRES GARCIA

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### FROM CAUSE NO. CR-1522-89-G IN THE 370TH DISTRICT COURT
### HIDALGO COUNTY

*Per curiam.*

### O R D E R

These matters are post-conviction applications for writs of habeas corpus filed pursuant to the provisions of Article 11.071.[1]

In July 1990, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Garcia v. State*, 887 S.W.2d 862 (Tex. Crim. App. 1994), *cert. denied*, 514 U.S. 1021 (1995). Applicant filed these his initial post-conviction

---

[1] All references to articles refer to the Texas Code of Criminal Procedure unless otherwise stated.

application for a writ of habeas corpus in the convicting court on August 29, 1997. Applicant filed his second and third habeas applications, which he labeled "Supplemental" and "Subsequent," in the trial court on March 31, 2009. The district clerk forwarded all three applications to this Court over three years later, and the Court received them on September 17, 2012.

Applicant's two subsequent applications for writ of habeas corpus were filed many years after the deadline for filing an initial application for a writ of habeas corpus. We find that his writ application labeled "Supplemental" (our No. WR-78,112-02) containing five claims is a subsequent application. *See* Art. 11.071. We further find that it fails to meet any of the exceptions provided for in Article 11.071, § 5. Therefore, we dismiss applicant's supplemental writ as an abuse of the writ without considering the merits of the claims.

In Applicant's "Subsequent" writ application (our No. WR-78,112-03), applicant raised eight additional claims. We find that this application is also a subsequent application under Article 11.071. Claim VI of that application is dismissed as moot in light of our holding in *Ex parte Hector Torres Garcia*, No. WR-78,112-01, handed down this day. We further find that the remaining claims in this writ application fail to meet any of the exceptions provided for in Article 11.071, § 5. Therefore, we dismiss his remaining claims without considering their merits.

IT IS SO ORDERED THIS THE 16TH DAY OF DECEMBER, 2015.

Do Not Publish